Filed 5/24/13  Marriage of Hershberger CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re the Marriage of RICHARD HERSHBERGER and MELIKE DEWEY HERSHBERGER. _____ RICHARD HERSHBERGER, Respondent, v. MELIKE DEWEY HERSHBERGER, Appellant. | B245241 (Los Angeles County Super. Ct. No. BD546278) |

APPEAL from the judgment of the Superior Court of Los Angeles County. Teresa A. Beaudet, Judge.  Affirmed.

_____

Melike Dewey Hershberger, in pro. per., for Appellant.

No Appearance for Respondent.

_____

Melike Dewey Hershberger, whom the superior court has determined to be a vexatious litigant, appeals from the judgment of nullity of her marriage to Richard Hershberger.[1]  We affirm.

The underlying facts are described in our opinion in a previous, related appeal and need not be repeated in detail here.  (See *In re Hershberger* (Aug. 31, 2012, B236505) [nonpub. opn.].)  In summary, Richard suffers from dementia, and two professional fiduciaries (Emily Stuhlbarg and Richard Norene) currently serve as conservators of his person and estate.  In June 2010 (before the conservatorship proceedings were initiated), Melike picked up Richard from his residence, drove him to Las Vegas, married him there, and dropped him off at his residence a few days later, having charged all expenses for the trip to his credit card.  (*Ibid.*)

On June 9, 2011, Richard's conservators filed on his behalf a petition for nullity of his marriage to Melike.  The record reflects that Melike demurred to the petition.  The trial court overruled the demurrer, and the record reflects that Melike did not thereafter file a timely response to the petition.

On November 1, 2012, the court conducted a "[d]efault [n]ullity [t]rial."  Melike did not appear at the trial.  The court entered a judgment of nullity, and Melike timely appealed.

Melike's only argument on appeal is that the judgment is not supported by substantial evidence, because the witnesses who testified at trial did not know Richard at the time of the marriage and consequently could not know whether he was of "unsound mind," within the meaning of subdivision (c) of Family Code section 2210, at that time.[2]

---

[1]    Because they share a last name, we will refer to Richard and Melike by their first names.

[2]    Melike's opening brief on appeal also refers to issues relating to allegedly inadequate service.  Insofar as Melike is claiming that the petition for nullity of marriage was not properly served on her, she has forfeited the issue by failing to provide an adequate record.  (*Rancho Santa Fe Assn. v. Dolan-King* (2004) 115 Cal.App.4th 28, 46 [appellant bears the burden of providing a record sufficient to demonstrate prejudicial

The argument lacks merit. At trial, the court admitted expert testimony to the effect that Richard was of unsound mind when Melike married him in June 2010. The expert acknowledged that she did not meet Richard until October 2010, but she nonetheless was able to offer an expert opinion as to whether he was able "to understand the condition of marriage" in June 2010, and she explained the basis for that opinion, which Melike does not address. The expert's testimony constitutes substantial evidence to support the trial court's determination that Richard was of unsound mind when he married Melike. (See *Roddenberry v. Roddenberry* (1996) 44 Cal.App.4th 634, 651-654 [explaining the substantial evidence standard of review].)

DISPOSITION

The judgment is affirmed. Respondent shall recover his costs of appeal, if any.

<u>NOT TO BE PUBLISHED</u>.


                                        ROTHSCHILD, J.
We concur:



MALLANO, P. J.                          CHANEY, J.

---

error].) The docket reflects that a proof of service of the summons and petition was filed on July 7, 2011, but Melike chose not to include it in the appellant's appendix.

3